UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY B.,

               Plaintiff,

v.                                               8:17-CV-0399
                                               (GTS/WBC)
COMM'R OF SOC. SEC.,

               Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

SCHNEIDER & PALCSIK              MARK A. SCHNEIDER, ESQ.
  Counsel for Plaintiff
57 Court St.
Plattsburgh, NY 12901

U.S. SOCIAL SECURITY ADMIN.      JOHANNY SANTANA, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II  Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **<u>DECISION and ORDER</u>**

      Currently before the Court, in this Social Security action filed by Timothy B. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that the Commissioner's decision be affirmed, and that Plaintiff's complaint be dismissed, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 23, 24.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

**I.     PLAINTIFF'S OBJECTIONS**

Generally, Plaintiff makes six objections to the Report and Recommendation. (Dkt. No. 24, at 2-6.) First, Plaintiff argues that Magistrate Judge Carter failed to apply the correct standard of review. (*Id*. at 2-3.) Second, Plaintiff appears to argue that the magistrate judge erred in his assessment of the Appeals Council's consideration of a medical source statement (dated just two weeks after the ALJ's decision) from his primary care provider indicating that Plaintiff is totally disabled by his pulmonary disease. (*Id*. at 4.) Third, Plaintiff argues that the magistrate judge did not give enough weight to the treating source statements. (*Id*.) Fourth, Plaintiff argues that the magistrate judge erred in concluding that there was substantial evidence to support the ALJ's adverse credibility finding. (*Id*. at 4-5.) Fifth, Plaintiff argues that the magistrate judge erred in rejecting new and material evidence from Plaintiff's primary care providers. (*Id*. at 5.) Sixth, Plaintiff argues that, although his subsequent approval for Supplemental Security Income ("SSI") is not determinative of his disability during the period in question, it should be given some weight regarding his credibility. (*Id*. at 6.)

Plaintiff concludes his objections by incorporating his opening memorandum of law by reference and arguing that the Court should reject the Report and Recommendation, reverse the ALJ's decision, and remand for a new hearing. (*Id*.)

**II.    APPLICABLE LEGAL STANDARD**

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must

2

be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at *1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

## III. ANALYSIS

### A. The Correct Standard of Review Was Applied and the Record Was Appropriately Developed.

Plaintiff argues that Magistrate Judge Carter erred by (a) not looking at the evidence from both sides before determining that the ALJ's decision was supported by substantial evidence, (b) not concluding that the ALJ failed to fully develop the record, (c) not liberally applying the

3

Social Security Act "to effect its beneficent purpose," and (d) relying upon dicta from the summary order in *Wright v. Berryhill*, 687 F. App'x 45 (2d Cir. 2017), in holding that there is a sharply limited scope of review in Social Security Appeals. (Dkt. No. 24, at 2-3.) For the reasons set forth below, the Court reviews the first three issues raised by Plaintiff for clear error only, while the fourth issue is considered *de novo*. The Court finds the entirety of Plaintiff's first objection unpersuasive.

First, Plaintiff summarily states that the magistrate judge did not look at the evidence from both sides before determining that the ALJ's decision was supported by substantial evidence. (Dkt. No. 24, at 3.) Though Plaintiff includes citations to various case law, his objection does not articulate how the magistrate judge failed to look at the evidence from both sides or what evidence he allegedly failed to consider. (*Id*.) This portion of Plaintiff's first objection includes no citations to the record or the Report and Recommendation or any application of the cited case law to the facts of this case. (*Id*.) Upon this Court's review, it is clear from the Report and Recommendation that the correct standard of review was applied. (Dkt. No. 23.) Therefore, Plaintiff's conclusory statement does not convince the Court that the magistrate judge committed any error, much less clear error.

Second, Plaintiff also summarily argues that Magistrate Judge Carter erred in not concluding that the ALJ failed to fully develop the record. (Dkt. No. 24, at 3.) Again, Plaintiff does not include any citations to the record, the ALJ's decision, or the Report and Recommendation and provides no actual legal analysis utilizing applicable case law to any conclusion in the Report and Recommendation. (*Id*.) Given the lack of a clearly articulated

4

objection indicating how the magistrate judge erred, the Court reviews this issue for clear error only.

Magistrate Judge Carter accurately summarized the relevant facts of this case leading to his conclusion that the ALJ properly found that Plaintiff failed to establish his learning disability and/or anxiety were severe impairments. (Dkt. No. 23, at 8-9.) He then properly cited the applicable case law indicating that an ALJ is not required to order a consultative examination if the evidence in the record is sufficient to render a decision on a claimant's disability, and that ordering such an examination is done on a case-by-case basis, when appropriate. (Dkt. No. 23, at 9-10.) Given the detailed analysis and reliance on applicable case law within the Report and Recommendation, the Court finds no clear error on this issue.

Third, Plaintiff argues that the magistrate judge erred by not liberally applying the Social Security Act "to effect its beneficent purpose." (Dkt. No. 24, at 3.) Specifically, Plaintiff argues that, when looking at all of the evidence from both sides, no reasonable person could conclude that he has the residual functional capacity to perform light work (or any work). (*Id*.) Again, Plaintiff includes little to no support for this argument with no citation to the record or explicit explanation of how the magistrate judge failed to properly consider the evidence from both sides. (*Id*.) Therefore, the Court reviews this issue for clear error only. Upon the Court's review, the Report and Recommendation represents a detailed, thorough analysis of the issues presented in this case and accurately summarizes the facts and arguments therein. (Dkt. No. 23.) After carefully reviewing the relevant filings in this action, the Court can find no clear error in Magistrate Judge Carter's consideration of the evidence.

Finally, Plaintiff argues that the magistrate judge erred by relying upon dicta from the summary order in *Wright v. Berryhill*, 687 F. App'x 45 (2d Cir. 2017) in holding that there is a sharply limited scope of review in Social Security Appeals. (Dkt. No. 24, at 3.) Plaintiff again includes little argumentative support for this portion of his objection. (*Id*.) Nonetheless, the Court reviews this portion of Plaintiff's objection *de novo*. Contrary to Plaintiff's argument, Magistrate Judge Carter's reliance on *Wright* to reiterate that the review of social security decisions is sharply limited is reasonable and proper. (Dkt. No. 23, at 23.) To be sure, the substantial evidence standard is "a very deferential standard of review[.]" *Brault v. Social Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

For the reasons above, the Court adopts the Report and Recommendation on these issues.

### B. The Court Adopts Magistrate Judge Carter's Findings as to the Treating Source Statements.

In his third objection, Plaintiff argues that the treating source statements were not given enough weight. (Dkt. No. 24, at 4.) Specifically, Plaintiff argues that neither the ALJ nor the magistrate judge explained how Plaintiff was able to perform light work (or any work) given the findings and conclusions of his treatment providers and that the ALJ failed to obtain further evidence from the treatment providers to resolve any factual issues regarding his ability to work. (*Id*.)

Plaintiff summarily argues that neither the ALJ nor the magistrate judge explained this finding and the weight afforded to the treating statements, but provides no citations to the record or any substantive argument regarding the opinion evidence. (*Id*.) Again, because Plaintiff appears to merely reiterate arguments presented in his memorandum of law and provides no clearly articulated error supported by legal analysis of the relevant facts and applicable case law,

the Court reviews Plaintiff's argument regarding the treating source statements for clear error only.[1] (Dkt. No. 24, at 4; Dkt. No. 15, at 19-22 [Pl.'s Mem. of Law].)

In the Report and Recommendation, the following is noted: (a) the ALJ did not have Nurse Howell's December 2016 statement before her at the time of her decision; (b) to the extent that Plaintiff seeks to apply 20 C.F.R. § 404.1527 to Nurse Howell's statement, such argument must fail because Nurse Howell is not an acceptable medical source and thus not a treating source subject to the treating physician rule; (c) contrary to Plaintiff's initial argument, the ALJ relied on substantial evidence in the record indicating Plaintiff was capable of performing the walking requirements of light work, which would have contradicted Nurse Howell's statement that Plaintiff is unable to walk 200 feet; and (d) Plaintiff did not argue in his memorandum of law that the ALJ failed to properly assess a statement from Sabieli Kabeli, M.D., or records from Charles Anene, M.D., or make any other legal argument concerning this statement and these records. (Dkt. No. 23, at 13-18.)

Magistrate Judge Carter indicates that because the statement and records appear within Plaintiff's overall argument that the ALJ failed to properly apply the treating physician rule, it is assumed that Plaintiff argues that the ALJ failed to properly assess Dr. Kabeli's statement and Dr. Anene's treatment notes. (*Id*. at 17-18.) The Court's review of Plaintiff's memorandum of law supports this assumption. (Dkt. No. 15, at 19-22 [Pl.'s Mem. of Law].) As correctly indicated by the magistrate judge, neither Dr. Kabeli's statement nor Dr. Anene's treatment notes

---

[1] The Court also notes that Plaintiff's argument indicating that the ALJ failed to obtain further evidence from his treatment providers was not part of his argument pertaining to the ALJ's alleged failure to develop the record as an issue presented to the Magistrate Judge in his memorandum of law and therefore need not be addressed by this Court. *See Zhao*, 2011 WL 3610717, at *1; *Hubbard*, 752 F. Supp. 2d at 312-13 (W.D.N.Y. 2009).

amount to a medical source opinion and Plaintiff has failed to show how Dr. Kabeli's statement is inconsistent with the ALJ's RFC determination. (Dkt. No. 23, at 18.) Further, as the Report and Recommendation correctly states, Nurse Howell's December 2016 statement was not before the ALJ at the time of her November 2016 decision. (Dkt. No. 23, at 13; T. 18-33, 706-07; Dkt. No. 15, at 22 [Pl.'s Mem. of Law].)

In his objection, Plaintiff does not argue that Magistrate Judge Carter erred in reviewing the ALJ's consideration of the opinion evidence, but that neither the ALJ nor the magistrate judge explained how Plaintiff was able to perform light work or any work based upon the findings of his treatment providers. (Dkt. No. 24, at 4.) Plaintiff's two-sentence objection provides no further analysis or support, either factual or legal, for his argument. (*Id*.) As the magistrate judge noted in regards to Plaintiff's initial argument, Plaintiff fails to effectively outline any specific legal error. (Dkt. No. 23, at 18.) The Court's review of the record and the briefings finds no clear error in the magistrate judge's consideration of the ALJ's decision and the treating physician rule. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. For these reasons, the Court adopts his findings as to the treating source statements.

### C. The Court Adopts the Findings as to the ALJ's Credibility Determination.

In his fourth objection, Plaintiff argues that Magistrate Judge Carter erred in concluding that there was substantial evidence for the ALJ to discredit Plaintiff's testimony. (Dkt. No. 24, at 4-5.) Specifically, Plaintiff argues that the evidence cited by the ALJ and the magistrate judge to support this finding was not substantial as a matter of law. (*Id*. at 4.) Plaintiff argues that, except for a June 3, 2014, treatment note, the record pages cited by the magistrate judge do not

8

indicate that Plaintiff continuously reported that he walked three-to-four miles per day. (*Id*.; T. 353-55, 357, 360, 362, 364, 466, 581, 590.)[2] Plaintiff argues that there is no subsequent record of him being able to walk three-to-four miles per day. (Dkt. No. 24, at 4.) Plaintiff also notes that, in November 2015, Dr. Kabeli stated Plaintiff would be encouraged to continue staying active and continue exercising on a regular basis if his chest x-ray revealed no worrisome abnormality and that, in August 2015, Dr. Kabeli stated Plaintiff needed to walk on a regular basis to improve his respiratory endurance. (*Id*. at 4-5; T. 581, 590.) In his objection, Plaintiff argues that these statements fail to indicate a lack of credibility and that, as of June 3, 2014, he does appear able to perform light work, but that after that date, the advice to get exercise and walk is not evidence that he can perform light or even sedentary work. (Dkt. No. 24, at 5.) Plaintiff argues that the ALJ and the magistrate judge cited cherry-picked facts which do not outweigh the presumption of credibility arising from Plaintiff's good work history. (*Id*.)

The Court finds that Plaintiff's fourth objection is a reiteration of the arguments presented in his memorandum of law regarding the ALJ's credibility determination. (*Compare* Dkt. No. 15, at 23-30 *with* Dkt. No. 24, at 4-5.) Therefore, the Court reviews this issue for clear error only.

Notably, Plaintiff argues that, except for the one June 2014 treatment note, the record pages cited by Magistrate Judge Carter do not indicate that Plaintiff continuously reported that he walked three-to-four miles per day. (Dkt. No. 24, at 4; T. 353-55, 357, 360, 362, 364, 466, 581, 590.) The Court notes that Plaintiff appears to misinterpret the magistrate judge's citation to the

---

[2] The Administrative Transcript is found at Dkt. No. 10. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

record, which indicated multiple record pages in regards to his statement that "Plaintiff informed his treating pulmonologist he walks three to four miles a day, with difficulty walking uphill; he informed a provider he had 'some' shortness of breath, but could walk anywhere at his own pace; and providers encouraged Plaintiff to walk regularly." (Dkt. No. 23, at 22.) It is clear to the Court that record cites were intended to support the entirety of this statement, not just the initial observation that Plaintiff informed his pulmonologist that he walks three to four miles per day. (*Id*.) Further, as noted by Magistrate Judge Carter, the ALJ did not improperly rely on this one treatment notation and, rather, adequately explained her reasons for finding Plaintiff had diminished credibility, relied on the Regulations as outlined in 20 C.F.R. § 404.1529, properly relied on Plaintiff's alleged activities of daily living, properly assessed his treatment as a factor in her credibility determination, and cited substantial evidence in the record to support that determination. (*Id*. at 20-23; T. 23, 25-26.)

In support of his objection, Plaintiff also cites the August and November 2015 notes of Dr. Kabeli. (Dkt. No. 24, at 4-5; T. 581, 590.) Again, Plaintiff's objection to the Report and Recommendation appears to merely restate the argument in his memorandum of law. (Dkt. No. 15, at 23-30 [Pl.'s Mem. of Law].) As noted by the magistrate judge, the ALJ adequately explained her reasons for finding Plaintiff had diminished credibility and relied on substantial evidence (including Plaintiff's activities of daily living) in determining he was not fully credible. (Dkt. No. 23, at 19-23.) The Court can find no clear error in the magistrate judge's analysis of the ALJ's credibility determination or his finding that the ALJ's failure to exclusively rely on Plaintiff's alleged good work history was not erroneous. (*Id*.) Accordingly, the Court adopts the Report and Recommendation on this issue.

### D. The Court Adopts the Findings as to New Evidence Submitted to the Appeals Council and This Court.

In his second objection, Plaintiff appears to argue that Magistrate Judge Carter erred in his assessment of the Appeals Council's consideration of a medical source statement (dated just two weeks after the ALJ's decision) from his primary care provider indicating that Plaintiff is totally disabled by his pulmonary disease. (Dkt. No. 24, at 4.) Specifically, Plaintiff cites a December 2016 statement from nurse practitioner Howell. (*Id*.; T. 707.) Plaintiff argues that this statement was received by the Appeals Council, and that the Appeals Council noted that it considered this statement to be new and material evidence but failed to explain why this statement was not determinative. (Dkt. No. 24, at 4.) Plaintiff argues that the magistrate judge therefore erred in failing to remand based on the Appeals Council's error. (*Id*.)

Plaintiff's second objection is problematic because it appears to present an argument that was not asserted in his memorandum of law. Plaintiff argues that the magistrate judge erred in dismissing his claim in light of the Appeals Council's failure to explain why Nurse Howell's December 2016 statement was not determinative despite it being considered new and material evidence by the Appeals Council. (Dkt. No. 24 at 4; T. 707.) However, as correctly noted in the Report and Recommendation, Plaintiff did not argue that the Appeals Council failed to properly assess this statement in his memorandum of law. (Dkt. No. 23, at 13-15; Dkt. No. 15 at 4, 19-43 [Pl.'s Mem. of Law].) Rather, it appears that Plaintiff initially argued that the ALJ failed to afford this statement controlling weight, but as the magistrate judge points out, the ALJ did not have this statement before her at the time of her decision. (*Id*. at 13; Dkt. No. 15, at 22.) Because it appears that Plaintiff raises a distinct new argument in his objections that he did not assert before Magistrate Judge Carter, this Court need not consider this new argument. *See*

*Zhao*, 2011 WL 3610717, at *1; *Hubbard*, 752 F. Supp. 2d at 312-13; *Russell v. Colvin*, 2015 WL 570828, at *3.

In his fifth and sixth objections, Plaintiff argues that the magistrate judge erred in rejecting new and material evidence from Plaintiff's primary care providers in the form of an April 2017 medical source statement from Nurse Howell and Maurice Racine, M.D., (submitted by Plaintiff with his memorandum of law); Plaintiff also argues that his subsequent approval for SSI should be given some weight regarding his credibility. (Dkt. No. 24, at 5-6; Dkt. No. 15, at 44-48 [Pl.'s Mem. Of Law].)

In support of his fifth objection, Plaintiff first refers to the April 2017 "determinative medical source statement from [his] primary care providers" Nurse Howell and Dr. Racine (which he indicates was retroactive to or around June 13, 2014) and argues that it supports and bolsters Nurse Howell's previous December 2016 statement. (Dkt. No. 24, at 5.) Plaintiff then states the following:

> [I]t was possible to obtain the retroactive part of the source statement earlier and earlier source statement from [his] primary care providers. These records are not determinative. Rather, they bolster the credibility of [Plaintiff] and reinforce the early statements of NP Howell. They should have been given some consideration for these purposes – especially when the ALJ and Magistrate Judge Carter both reject his credibility without adequately explaining why.

(*Id*.) Plaintiff's fifth objection closely resembles the arguments in his memorandum of law. (Dkt. No. 24, at 5; Dkt. No. 15, at 38-41 [Pl.'s Mem. of Law].) Therefore, the Court reviews Plaintiff's objection regarding the magistrate judge's findings as to this April 2017 statement for clear error only.

12

Notably, Magistrate Judge Carter thoroughly analyzed and explained his findings related to the April 2017 statement, indicating that Plaintiff has not provided any explanation as to why the evidence was not submitted earlier and finding that Plaintiff has not met the requirement for showing good cause to submit new evidence to the District Court. (Dkt. No. 23, at 25-28.) In his objection, Plaintiff again does not provide any explanation as to why there was good cause for failing to submit this evidence earlier and even states that "it was possible to obtain the retroactive part of the source statement earlier and earlier source statement from [Plaintiff's] primary care providers." (Dkt. No. 24, at 5.) Therefore, the Court finds that the magistrate judge's consideration of the arguments regarding this April 2017 statement is sound and supported by his analysis of the record. The Court finds no clear error in this analysis and adopts his findings.

In his sixth objection, Plaintiff argues that, although his subsequent approval for SSI is not determinative of his disability during the period in question, it should be given some weight regarding his credibility because it is relevant to showing that his condition, as of April 4, 2017, had not significantly deteriorated from his condition in November 2016 (when the ALJ denied his claim), and it lends credence to Nurse Howell's December 2016 statement. (Dkt. No. 24, at 6.) Plaintiff also argues that the magistrate judge erred by baldly determining that the subsequent approval was irrelevant to the instant appeal. (*Id.*) Plaintiff's sixth objection also closely resembles the arguments in his memorandum of law and is therefore subject to clear error review. (Dkt. No. 24, at 6; Dkt. No. 15, at 41-42 [Pl.'s Mem. of Law].)

Upon review, the Court also finds no clear error regarding the magistrate judge's finding as to Plaintiff's subsequent approval for SSI (indicating that any inference drawn from a finding

that Plaintiff was disabled after the ALJ's unfavorable decision is too weak to displace the substantial evidence supporting the ALJ's determination) and adopts this finding. (Dkt. No. 23, at 28.) Notably, Magistrate Judge Carter is correct in that Addendum B to Plaintiff's memorandum of law does not actually contain an approval for SSI, but rather an August 18, 2017, Notice of Disapproved Claim under Title II. (Dkt. No. 23, at 28; Dkt. No. 15, at 46-48 [Pl.'s Mem. of Law].) Therefore, Plaintiff has not actually provided proof that his subsequent Title XVI claim was, in fact, granted.

**ACCORDINGLY**, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 23) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: August 14, 2018
       Syracuse, New York

                                          Hon. Glenn T. Suddaby
                                          Chief U.S. District Judge